# EXHIBIT 1

VIRGINIA:

IN THE CIRCUIT COURT FOR THE COUNTY OF LOUDOUN

FABRA GROUP, LLC

     Plaintiff

v.

RYDER SYSTEM, INC; RYDER
TRUCK RENTAL, INC.;  RYDER
TRANSPORTATION SOLUTIONS,
LLC; MIL-TEK, USA RECYCLING
AND WASTE SOLUTIONS, INC.

     Defendants

**Serve:**

Ryder System, Inc.
Corporate Creations Network Inc.
801 North US Highway 1
North Palm Beach, FL 33408

Ryder Truck Rental, Inc.
Corporate Creations Network, Inc.
425 West Washington Street, Suite 4
Suffolk, VA  23434

Ryder Transportation Solutions, LLC
Corporate Creations Network, Inc.
425 West Washington Street, Suite 4
Suffolk, VA  23434

Mil-Tek, USA Recycling and Waste
Solutions, Inc.
7288 Hanover Green Drive
Mechanicsville, VA 23111

Case: CL 25-2093

COMPLAINT



NOW COMES Plaintiff and for its complaint alleges as follows:

1.  Plaintiff Fabra Group is a Virginia limited liability company with its principal place of
business in Sterling, Loudoun County, Virginia.  Plaintiff is in the business of long haul

freight trucking throughout the United States under USDOT number 3641180 and Motor Carrier (MC) number 1251273.

2. Defendant Mil-Tek USA, Recycling and Waste Solutions ("Mil-Tek") is a Virginia corporation with its principal place of business in Sterling, Loudoun County, Virginia. Defendant is in the business of handling, carrying and transporting recycled materials and other waste products.   It operates under USDOT number 2350816.

3. Defendant Ryder Systems, Inc is a Florida corporation in the business of arranging transportation, vehicles and management nationwide.

4. Defendant Ryder Truck Rental, Inc is a Florida corporation registered to conduct business in Virginia with the Virginia Corporation Commission under SCC file number F0136855.

5. Defendant Ryder Transportation Solutions, LLC is a limited liability company registered to conduct business in Virginia with the Virginia Corporation Commission under SCC file number 11323343.  (Collectively the "Ryder" defendants)

6. Venue is proper in this Court pursuant to VA Code §8.01-262.

## FACTUAL ALLEGATIONS

1. Plaintiff realleges all the above as if fully set forth herein.

2. On a date unknown to Plaintiff Mil-Tek entered into a rental or lease contract with Defendant ("Ryder") under which it would rent a truck with vehicle identification number, VIN ending in PL285100. (the "Vehicle")

3. After performing due diligence to qualify Mil-Tek to rent the Vehicle, Ryder affixed trucking authority (USDOT and MC) numbers to the Vehicle doors.

4. For a reason unknown to Plaintiff, rather than affix the USDOT number belonging to Mil-Tek, Ryder affixed USDOT and MC numbers belonging to Plaintiff.

5. In spite of the extensive due diligence required by Ryder, it failed to exercise reasonable care that a person of ordinary prudence would exercise in a similar situation.

6. Upon delivery of the Vehicle to Mil-Tek it was placed into service despite displaying Plaintiff's USDOT and MC numbers.

7. An initial inspection by Mil-Tek upon delivery of the Vehicle would have noted the misapplication of the authorities.

8. Upon information and belief no inspection was ever conducted by any of the Defendants and the Vehicle proceeded to "hit the road."

9. By failing to conduct the most cursory inspection, Mil-Tek failed to exercise reasonable care that a person of ordinary prudence would exercise in a similar situation.

10. Mil-Tek illegally operated vehicles displaying Fabra Group LLC's DOT and MC numbers without authorization.

11. Ryder rented or leased vehicles to MilTek USA while failing to verify its operating authority, thereby facilitating and enabling Mil-Tek's illegal use of Fabra's credentials.

12. Mil-Tek's unauthorized operations resulted in an FMCSA violation recorded under Fabra's DOT number initially on May 24, 2023, despite Fabra having no involvement with these operations.

13. During the subsequent months/years that the Vehicle was operated throughout the Northeast by drivers in Mil-Tek's employ various state authorities stopped the Vehicle on the road for a random inspection.

14. Those inspections occurred on May 24, 2023, January 23, 2024 and June 10, 2024 while operated by Emanuel Lopez, a driver for Mil-Tek. The inspection generated a report reflecting the motor carrier as Fabra Group, LLC, not Mil-Tek.

15. After each inspection, the state or federal inspector would fill out a paper report of the inspection outlining any violations or indicating that no violations were found. The driver would sign the report indicating receipt of the document and would then proceed on his or her way.

16. After each inspection the driver of the Vehicle is required by 49 CFR Part 396.9(d)(1) to *"deliver a copy to both the motor carrier operating the vehicle and the intermodal equipment provider upon his/her arrival at the next terminal or facility. If the driver is not scheduled to arrive at a terminal or facility of the motor carrier operating the*

*vehicle...within 24 hours, the driver shall immediately fax or otherwise transmit the report to the motor carrier and intermodal equipment provider."*

17. Upon information and belief, Mr Lopez complied with this federal regulation, thereby giving multiple notices to Mil-Tek that the Vehicle displayed the wrong authorities, whereby as early as May, 2023 the date of the first inspection, Mil-Tek knew or should have known it was misrepresenting itself to the public as Fabra Group, LLC.

18. Rather than contact Fabra Group regarding its unlawful use of Fabra's authorities, Mil-Tek did nothing, instead continuing to use the Vehicle improperly marked in its transportation operations.

19. On July 24, 2024 the Vehicle was involved in a crash with injuries in New York state.

20. As with the three inspections, the crash was attributed to Fabra, not Mil-Tek. Once again Mil-Tek did nothing but rather allowed federal reports and safety records to reflect poorly on Fabra damaging its business reputation and future business prospects.

21. As a result of the FMCSA violations and misidentified crash reports Plaintiff suffered increased insurance costs, lost contracts, lost loads and missed business opportunities for expansion and the addition of new trucks to their line.

## COUNT I

## NEGLIGENCE

22. Plaintiff realleges all of the above as if fully set forth herein.

23. Defendant Ryder had a duty of care to ensure that its leased vehicles were used only by carriers with proper legal operating authority. Violation of 49 CFR Part 387.7 & Virginia Negligence Law

24. Defendant Ryder failed to supervise and allowed MilTek USA to operate using Fabra's credentials, causing foreseeable harm.

25. Defendant Ryder had a duty to Fabra Group to exercise diligence and care to ensure that Fabra's MC and USDOT numbers were not affixed improperly to any vehicle not owned, operated or leased by Fabra Group.

26. Defendant Ryder failed to adhere to the standard of care when performing its due diligence when assigning federal trucking authorities to their leased vehicles.

27. Defendants' actions in mismarking the Vehicle and subsequent operations of the Vehicle on the public thoroughfare constitute a violation of 49 CFR §390.21.

28. This negligence of Defendants directly led to financial losses, reputational harm, and increased operational costs for Plaintiff.

29. Defendant Mil-Tek had a duty to ensure that its vehicles displayed the proper authorities prior to operating it on public roadways. Mil-Tek had a further duty to stop operating any vehicle which it knew or should have known did not display the appropriate authorities.

30. Defendants knew or should have known that the Vehicle displayed the wrong authorities.

31. Despite this knowledge Mil-Tek continued to use the Vehicle on the highways for over a year from May 2023 through July, 2024.

32. Upon learning in May 2023 that the Vehicle had the wrong authorities Mil-Tek had a duty to notify Fabra and to take the Vehicle off the road and to advise Ryder. Instead Mil-Tek breached that duty by continuing to operate the Vehicle on interstate roadways.

33. Defendants' breach of that duty resulted in significant economic losses to Plaintiff to wit, insurance premiums increase, lost contracts and lost business opportunities.

## COUNT II

### Violation of 49 USCS §13901 and Relief Pursuant to 49 USCS §14707

34. Plaintiff realleges all the above as if fully set forth herein.

35. Defendant Mil-Tek's operations of the Vehicle violate 49 USCS §13901(a) and (b) and 49 USCS §13902(a)(1)(B).

36. At no time did the Secretary of Transportation issue USDOT number 3641180 or MC number 1251273 to Defendant Mil-Tek thereby authorizing Mil-Tek to engage in commercial trucking using those authorities.

37. Despite not having been issued the authorities in paragraph 35, Mil-Tek operated the Vehicle displaying those authorities for over a year in clear violation of the aforementioned statutes.

38. Title 49 USCS §14707 permits a private of action for a "person injured by the transportation or service" conducted in violation of code sections 49 USCS §13901-13904.

39. Title 1 USCS §1 defines "person" as "corporations, companies, associations, firms, partnerships, societies, and joint stock companies, as well as individuals."

40. As a result of Mil-Tek's unlawful and unauthorized use of these authorities, Plaintiff was injured by that service and suffered economic losses in an amount to be proven at trial.

## COUNT III

## UNAUTHORIZED USE OF MC AND DOT NUMBERS

### (Violation of 49 CFR § 390.21 & Va. Code § 8.01-243)

41. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

42. Defendant Mil-Tek unlawfully displayed and used Fabra's DOT and MC numbers, falsely representing itself as Fabra Group LLC.

43. Defendant Ryder failed to supervise and allowed Mil-Tek to operate using Fabra's credentials, causing foreseeable harm.

44. Such conduct constitutes fraudulent misrepresentation and unauthorized use under Virginia law and FMCSA regulations.

45. As a result, Plaintiff suffered direct financial harm exceeding four million dollars.

## COUNT IV

## FRAUDULENT MISREPRESENTATION.

46. Defendant Mil-Tek knowingly misrepresented its authority by using Fabra's DOT number to conduct business.

47. Defendant Ryder failed to supervise and allowed Mil-Tek USA to operate using Fabra's credentials, causing foreseeable harm.

48. This fraudulent activity misled brokers, shippers, and FMCSA authorities, causing damage to Fabra's business and reputation.

**Wherefore Plaintiff prays for the following relief:**

    A. For actual damages of four million dollars for lost revenue, increased costs, and reputational harm;.

    B. For consequential damages of $500,000.

    C. For attorney's fees and costs pursuant to 49 USCS §14707.

    D. For punitive damages of $350,000 per Defendant for their flagrant disregard for the rights and property belonging to Plaintiff Fabra Group.

    E. For any other relief this Court deems just.

LAW OFFICE OF ARTHUR WEISS

Arthur L Weiss  VSB 93119
797 Center Street
Herndon, VA 20170
Tel: (703) 226-9406
Fax: (703) 995-4684
Email: weiss60@msn.com